## W. H. CORD *v.* D. B. GOGGIN.

[Abstract Kentucky Law Reporter, Vol. 4—988.]

**Power of the Chancellor to Protect Rights Under His Decree.**

> The chancellor has the power and should protect the parties in their rights under his decree. He may compel the surrender of the possession of mortgaged property pending litigation, to prevent it being carried out of his jurisdiction or converted, and may by proper orders, compel a party to the suit to bring into court the proceeds or value of mortgaged property converted pending the suit.

### APPEAL FROM MASON CIRCUIT COURT.

May 10, 1883.

OPINION BY JUDGE HARGIS:

The apepllant, Cord, having obtained a judgment foreclosing the mortgage of which he was the beneficial owner, and decreeing a sale of the fine billiard tables and other property embraced by it, obtained a rule upon notice to the appellee, Goggin, who was a party to the suit, requiring him to show cause why he should not account for and pay to him the value of the property mentioned in the mortgage, by reason of the conversion of the property by Goggin pending the litigation. Evidence was taken of the value of the property and of the rents, and a reference made to the commissioner and a report by him ascertaining the value of the rent. No exceptions were made by Goggin either to the evidence or report, but he contented himself with denying the jurisdiction of the court to compel him by notice or rule to account for the value of the converted property, and alleging that the mortgage did not embrace the property.

The court had adjudged that the mortgage did embrace the property and decreed its sale, and that judgment was not appealed from. It is final and conclusive of that question as well as all others determined by it until reversed. Goggin admitted, in an amended answer filed before the judgment of foreclosure, that he had taken possession of the property and sold part of it absolutely and the interest of the mortgagee in the remainder. He justified under color of his office as assignee in bankruptcy, but he and the subject-matter were both within the jurisdiction of the court, which had full power to

determine the questions and ascertain the rights of the parties, which it did after delays resulting from an erroneous judgment and an appeal therefrom, and its judgment is conclusive of all of those matters.

Hence the only question for us to decide is whether the chancellor has power by notice and rule against the appellee, a party to the action, to compel him to account for the value of the mortgaged property which was the subject of the litigation and under the control of the court from the institution of the suit, and which the appellee without authority and in defiance of the jurisdiction of the court converted by sale and received the proceeds therefrom.

The chancellor has the power and it is his duty to protect the parties in their rights under his decree. He may compel the surrender of the possession of mortgaged property pending litigation to prevent it being carried out of his jurisdiction or converted, and it follows that he may by proper orders and rules compel a party to the suit to bring into court the proceeds or value of mortgaged property converted pending the suit. Otherwise a litigant could render the chancellor's decrees nugatory, by fresh wrongs repeated as often as he may anticipate failure upon the issues joined, and finally wear his antagonist out by demanding new suits about the same subject-matter which, but for his own wrongful conversion, could have been disposed of in the beginning. The chancellor, having properly obtained jurisdiction over the subject, should maintain it until it or its proceeds shall be appropriated in answer to his decree and at once make an end to litigation, by the exercise of those necessary incidental proceedings through interlocutory orders and rules which belong to all courts of equitable jurisdiction.

The proof shows that the fine billiard tables were worth at least $1,688, and the cues and chairs $130, for which sums the appellee, Goggin, is responsible, with interest thereon from the date of the admitted conversion as shown by his amended answer to the original petition. The appellant, Cord, is entitled to judgment for $1,000 and interest at six per cent. from the 26th day of August, 1866, the amount of his judgment. Wherefore the judgment is *reversed* and cause remanded with directions to render judgment in behalf of the appellant, Cord, against appellee, Goggin, for a sum sufficient to pay

his debt, not, however, to exceed the value of the converted property and its interest as adjudged herein.

*H. Wadsworth, Wm. H. Cord, E. C. Phister, for appellant.*